## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AIR PRODUCTS BLUE ENERGY, LLC | * |
| VERSUS | * CASE NO. 3:22-cv-00809-SDD-RLB |
| LIVINGSTON PARISH GOVERNMENT; LIVINGSTON PARISH COUNCIL | * |

## ANSWER

Defendants Livingston Parish Government and Livingston Parish Council answer the verified amended complaint for declaratory and injunctive relief of plaintiff, as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

To the extent that plaintiff has stated a cause of action against defendants, defendants deny that plaintiff is or will be able to sustain its burden of proof that defendants in any way were/are in violation of *Article VI, §9(B)* or *Article XI, §1* the Louisiana Constitution, *La. R.S. §30:4.1, §30:211, §30:212, §30:214*, or *§36:609*, Title 76, Section 301(B) of the Louisiana Administrative Code, LAC 43:XVII, Subpart 1-4, and 43:XIX, Subpart 1, Chapter 4, the Safe Drinking Water Act, *42 U.S.C. §300f, et seq.,* and/or any other statute or act, federal or state or otherwise.

### THIRD DEFENSE

Defendants respectfully submit that the ordinance in question was legal, and that defendant Livingston Parish Council had jurisdiction to pass said ordinance.

## FOURTH DEFENSE

Defendants respectfully submit that, contrary to plaintiff's allegations to the contrary, the ordinance in actuality does not directly contravene the authority of the Louisiana legislature, the Louisiana Department of Wildlife and Fisheries, the Louisiana State Mineral and Energy Board, the U.S. Army Corps of Engineers, and/or the U.S. Environmental Protection Agency, nor does it in actuality contradict other ordinances.

## FIFTH DEFENSE

Defendants further submit that, contrary to plaintiff's allegations to the contrary, the ordinance in actuality is not preempted by applicable federal or state law and is not in actuality otherwise unenforceable.

## SIXTH DEFENSE

Defendants dispute whether plaintiff, in actuality, has sustained any injury-in-fact – much less the amount greater than $75,000 which plaintiff claims in its complaint in its attempt to establish federal diversity jurisdiction.

## SEVENTH DEFENSE

Defendants also submit that the proposed testing would, in actuality, cause disruption to spring and summer boating seasons on Lake Maurepas. They also submit that, in actuality, there will be traces of damage and destruction left behind once the proposed seismic survey is complete.

## EIGHTH DEFENSE

Further, defendants dispute whether plaintiff, in actuality, is fully permitted to conduct seismic operations in Livingston Parish under the present circumstances and/or whether plaintiff,

in actuality, is fully permitted to conduct Class V test well preparatory work in Livingston Parish under the present circumstances.

## NINTH DEFENSE

Defendants also dispute whether the ordinances will, in actuality, "improperly" restrict plaintiff's proposed activities.

## TENTH DEFENSE

Defendants deny that plaintiff will be able to sustain its burden of proof that any actions on the part of defendants have caused or will cause it actual injury-in-fact or irreparable harm.

## ELEVENTH DEFENSE

Now responding to the allegations contained in the verified amended complaint for declaratory and injunctive relief, by paragraph, defendants aver, allege, plead, and state as follows:

1.

The allegations of paragraph 1 are denied.

2.

The allegations of paragraph 2 are denied.

3.

The allegations of paragraph 3 are denied.

4.

The allegations of paragraph 4 are denied.

5.

The allegations of paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

It is admitted that Livingston Parish Government is a political subdivision of the State of Louisiana and, therefore, a citizen of Louisiana for purposes of diversity-of-citizenship jurisdiction. The remainder of the allegations of paragraph 6 are denied.

7.

It is admitted that Livingston Parish Council is a political subdivision of the State of Louisiana and, therefore, a citizen of Louisiana for purposes of diversity-of-citizenship jurisdiction. The remainder of the allegations of paragraph 6 are denied.

8.

The allegations of paragraph 8 are denied, as written.

9.

The allegations of paragraph 9 are denied.

10.

The allegations of paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of paragraph 11 are denied.

12.

The allegations of paragraph 12 are denied.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are denied.

15.

It is admitted that that is what plaintiff seeks. However, any inferred allegation of paragraph 15 that that is what plaintiff is entitled to is denied.

16.

The allegations of paragraph 16 are admitted.

17.

The allegations of paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

It is admitted that part of the water bottoms in Lake Maurepas are located in Livingston Parish. The remainder of the allegations of paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of paragraph 21 are denied.

22.

The allegations of paragraph 22 are denied.

23.

The allegations of paragraph 23 are denied.

24.

The allegations of paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

It is admitted that part of the water bottoms in Lake Maurepas are located in Livingston Parish. The remainder of the allegations of paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of paragraph 34 are denied.

35.

The allegations of paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of paragraph 39 are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of paragraph 41 are denied for lack of sufficient information to justify a belief therein.

42.

The allegations of paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of paragraph 43 are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46.

The allegations of paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47.

The allegations of paragraph 47 are denied.

48.

The allegations of paragraph 48 are admitted.

49.

The allegations of paragraph 49 are denied, as written.

50.

The allegations of paragraph 50 are admitted.

51.

The allegations of paragraph 51 are denied, as written.

52.

The allegations of paragraph 52 are admitted.

53.

The allegations of paragraph 53 are denied, as written.

54.

The allegations of paragraph 54 are admitted.

55.

The allegations of paragraph 55 are denied, as written.

56.

The allegations of paragraph 56 are denied.

57.

The allegations of paragraph 57 are denied.

58.

The allegations of paragraph 58 are denied.

59.

The allegations of paragraph 59 are denied.

60.

The allegations of paragraph 60 are denied.

61.

The allegations of paragraph 61 are denied.

62.

The allegations of paragraph 62 are denied, as written.

63.

The allegations of paragraph 63 are denied, as written.

64.

The allegations of paragraph 64 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations of paragraph 65 are admitted.

66.

The allegations of paragraph 66 are denied, as written.

67.

The allegations of paragraph 67 are denied, as written.

68.

The allegations of paragraph 68 are denied.

69.

The allegations of paragraph 69 are admitted.

70.

The allegations of paragraph 70 are admitted.

71.

The allegations of paragraph 71 are denied, as written.

72.

The allegations of paragraph 72 are denied, as written.

73.

The allegations of paragraph 73 are denied.

74.

The allegations of paragraph 74 are denied.

75.

The allegations of paragraph 75 are denied.

76.

The allegations of paragraph 76 are denied.

77.

The allegations of paragraph 77 are denied.

78.

The allegations of paragraph 78 are denied.

79.

The allegations of paragraph 79 are denied.

80.

The allegations of paragraph 80 are denied.

81.

The allegations of paragraph 81 are denied, as written.

82.

The allegations of paragraph 82 are denied, as written.

83.

The allegations of paragraph 83 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations of paragraph 84 are denied, as written.

85.

The allegations of paragraph 85 are denied for lack of sufficient information to justify a belief therein.

86.

The allegations of paragraph 86 are denied, as written.

87.

The allegations of paragraph 87 are denied, as written.

88.

The allegations of paragraph 88 are denied, as written.

89.

The allegations of paragraph 89 are denied, as written.

90.

The allegations of paragraph 90 are denied, as written.

91.

The allegations of paragraph 91 are denied.

92.

The allegations of paragraph 92 are denied.

93.

The allegations of paragraph 93 are denied.

94.

The allegations of paragraph 94 are denied.

95.

The allegations of paragraph 95 are denied.

96.

The allegations of paragraph 96 are denied.

97.

The allegations of paragraph 97 are denied.

98.

Defendants are entitled to and hereby request trial by jury.

WHEREFORE, defendants Livingston Parish Government and Livingston Parish Council pray that this answer to the verified amended complaint for declaratory and injunctive relief of plaintiff be deemed good and sufficient and that, after due proceedings had, there be judgment herein in their favor and against plaintiff, dismissing plaintiff's demands against them, with prejudice, at plaintiff's costs, for trial by jury, and for all general and equitable relief..

Respectfully Submitted,

**MOODY LAW FIRM**

__s/Christopher Moody_____
Christopher Moody, LA Bar Roll No. 9594
Albert D. Giraud, LA Bar Roll No. 18911
1250 SW Railroad Avenue, Suite 170
Hammond, Louisiana 70403
Ph.: (985) 542-1351
Fax: (985) 542-1354

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid, or by Electronic Notice.

Hammond, Louisiana, this 28th day of December, 2022.

__s/Christopher Moody_____
Christopher Moody