**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AIR PRODUCTS BLUE ENERGY, LLC,** | **CIVIL ACTION NO. 22-809** |
| *Plaintiff* | |
| | **JUDGE SHELLY D. DICK** |
| **VERSUS** | |
| **LIVINGSTON PARISH GOVERNMENT, ET AL.** | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |
| *Defendants.* | |

**JOINT STATUS REPORT**

Plaintiff Air Products Blue Energy, LLC ("Air Products"), and Defendants Livingston Parish Government, Livingston Parish Council, and Livingston Parish Sheriff Jason Ard[1] file this Joint Status Report pursuant to the Court's Order dated November 10, 2022 (Doc. 16). The Parties respectfully state the following:

A.  **JURISDICTION**

   1.  **Air Products**

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity-of-citizenship jurisdiction). Air Products is a citizen of Delaware and Pennsylvania, whereas the defendants are each citizens of Louisiana. Accordingly, there is complete diversity between the parties. Furthermore, the amount in controversy exceeds $75,000, as Air Products has already expended more than $75,000 to prepare for seismic exploration and test well development that it cannot recover if L.P. Ordinance No. 22-49 is not declared to be invalid. In addition, if Air Products is unable to proceed with its otherwise lawful activities, Air Products will lose more than $75,000 it has committed toward the exercise of its permitted rights.

This Court also has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Air Products is asserting claims that arise under federal law, including the Safe Drinking Water Act, 42 U.S.C. § 300f, *et seq.*, and for equitable and declaratory relief under 28 U.S.C. § 2201 and § 2202.

---

[1] Sheriff Ard, as Chief Law Enforcement Officer for the Parish of Livingston, will follow all orders of this court related to the matter in dispute in this proceeding.

Further, as this Court concluded in its Ruling dated December 26, 2022, Air Products has standing to challenge the Ordinance and Air Products' suit is ripe for adjudication. Doc. 32 at pp. 6-7.

### 2. Livingston Parish Government and Livingston Parish Council

This Honorable Court has original federal question jurisdiction in that plaintiff has made claims against defendants under the Safe Drinking Water Act, 42 U.S.C. § 300f, *et seq.*, and for equitable and declaratory relief under 28 U.S.C. § 2201 and § 2202. The Court has supplemental jurisdiction over the other claims in this matter, pursuant to 28 U.S.C. § 1367. Defendants dispute that the Court has original diversity of citizenship jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Defendants do not dispute that plaintiff is a citizen of Delaware and Pennsylvania and that defendants are citizens of Louisiana. However, defendants dispute whether plaintiff, in actuality, has sustained any injury-in-fact – much less the amount greater than $75,000 which plaintiff claims in its complaint in its attempt to establish federal diversity jurisdiction.

### B. BRIEF EXPLANATION OF CASE

#### 1. Air Products

With this action, Air Products seeks Defendants' compliance with state and federal law. In particular, Air Products has asserted claims for (1) declaratory relief declaring Ordinance 22-49 of the Livingston Parish Council ("Ordinance 22-49" or "the Ordinance") to be preempted by Louisiana law and federal law, and invalid, and (2) preliminary and permanent injunctive relief prohibiting Defendants' enforcement of the Ordinance.

Livingston Parish Government and Livingston Parish Council filed their Answer (Doc. 33) on December 28, 2022. They did not assert any counterclaims in their Answer.

In its Ruling of December 26, 2022, the Court granted Air Products' Motion for Preliminary Injunction and ordered that Defendants "are enjoined from and must immediately cease enforcing" the Ordinance, "including insofar as it concerns seismic surveys, Class V injection wells, and associated activities." Doc. 32 at p. 16.

##### A. Air Products' Proposed Clean-Energy Project and Associated Sequestration Facility

Air Products described its planned clean energy and carbon sequestration facilities in its Verified Amended Complaint (Doc. 19), Motion for Preliminary Injunction (Doc. 20), and Opposition to Motion to Dismiss (Doc. 27). While Air Products does not repeat in full those descriptions, it is important to highlight that it brings this litigation in order to address Defendants' improper interference with Air Products' numerous federal and state approvals to conduct activities relating to these facilities. In particular, the State of Louisiana entered into a Carbon Dioxide Storage Agreement with Air Products, effective October 13, 2021 (the "Storage Agreement"), that grants Air Products the required property rights to: (1) inject and store $CO^2$ in the subsurface beneath Lake Maurepas; and (2) perform the required testing, including seismic surveying, to collect the data needed to ensure that the location is suitable for the exercise of Air Products' contractual right to store carbon dioxide at this location.

B.  <u>Seismic Survey and Class V Stratigraphic Test Wells</u>

Pursuant to its property rights under the Storage Agreement, Air Products has acquired the necessary state and federal permits to conduct seismic testing in Lake Maurepas, as well as activities necessary to prepare for the construction of Class V Stratigraphic Test Wells. *See* Doc. 19 ¶¶ 35 -38, 42; Doc. 20-1 at pp. 5-7.

Air Products commenced operations in connection with a seismic subsurface survey of Lake Maurepas beginning on December 6, 2022. Air Products was set to commence activities associated with its seismic survey within Livingston Parish on or about December 21, 2022, and subject to weather delays.

C.  <u>Ordinance 22-49</u>

At the Livingston Parish Council meeting on October 13, 2022, the Livingston Parish Council voted to adopt Ordinance 22-49 by a vote of 5-2 in favor of passage (two council members were absent). Ordinance 22-49 purports to be a twelve-month moratorium "prohibiting any activities associated with Class V Wells" including (but presumably not limited to) (1) the construction and drilling of Class V injection and monitoring wells within Livingston Parish, and (2) the detonation of charges for seismic surveying and testing within Livingston Parish.

Air Products' activities related to both the planned seismic surveying and the drilling of Class V stratigraphic test wells are scheduled to take place within the boundary of Livingston Parish, as shown in SONRIS, during the moratorium period set forth in Ordinance 22-49, including, but not limited to seismic survey activities that were scheduled to begin on December 21, 2022, the suspended well preparatory activities, and, once the Class V permits are received, the drilling of the two wells themselves (one of which is located within Livingston Parish, as shown in SONRIS).

D.  <u>The Ordinance is Preempted by Both Federal and State Law.</u>

As detailed in its Memorandum in Support of its Motion for Preliminary Injunction (Doc. 20-1), Air Products has demonstrated that the Ordinance is preempted by both federal and state law. Indeed, courts have routinely invalidated similar ordinances on federal and state preemption grounds. Thus, as the Livingston Parish Council's attorney apparently informed the Council (to no avail) prior to adoption of the Ordinance, it is clear that the Ordinance is beyond the jurisdiction of the council and unlawful.

In its Ruling, this Court concluded that Air Products has shown a likelihood of success on the merits of its claim that the Ordinance is preempted by state law. *See* Doc. 32 at p. 14.

2.  **<u>Livingston Parish Government and Livingston Parish Council</u>**

Livingston Parish Council and Livingston Parish Government respectfully submit that the ordinance in question was legal. They also submit that defendant Livingston Parish Council had jurisdiction to pass said ordinance.

Said defendants respectfully submit that, contrary to plaintiff's allegations to the contrary, the ordinance in actuality does not directly contravene the authority of the Louisiana legislature, the

Louisiana Department of Wildlife and Fisheries, the Louisiana State Mineral and Energy Board, the U.S. Army Corps of Engineers, and/or the U.S. Environmental Protection Agency, nor does it in actuality contradict other ordinances.

Defendants further submit that, contrary to plaintiff's allegations to the contrary, the ordinance in actuality is not preempted by applicable federal or state law and is not in actuality otherwise unenforceable.

Defendants dispute whether plaintiff, in actuality, has sustained any injury-in-fact – much less the amount greater than $75,000 which plaintiff claims in its complaint in its attempt to establish federal diversity jurisdiction.

Defendants also submit that the proposed testing would, in actuality, cause disruption to spring and summer boating seasons on Lake Maurepas. They also submit that, in actuality, there will be traces of damage and destruction left behind once the proposed seismic survey is complete.

Further, defendants dispute whether plaintiff, in actuality, is fully permitted to conduct seismic operations in Livingston Parish under the present circumstances and/or whether plaintiff, in actuality, is fully permitted to conduct Class V test well preparatory work in Livingston Parish under the present circumstances.

Defendants also dispute whether the ordinances will, in actuality, "improperly" restrict plaintiff's proposed activities.

### C.    PENDING MOTIONS

There are no pending motions. On December 26, 2022, the Court denied the Government and Council's Motion to Dismiss, Pursuant to FRCP Rules 12(b)(1) and 12(b)(6)*, For Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can be Granted* (Doc. 21) and granted Air Products' Motion for Preliminary Injunction (Doc. 20). *See* Doc. 32.

### D.    ISSUES

#### 1.    **Air Products**

The principal legal issues are:

1. whether L.P. Ordinance No. 22-49 is preempted under Louisiana law and invalid insofar as it places a moratorium on seismic surveys within Livingston Parish;

2. whether L.P. Ordinance No. 22-49 is preempted under federal law and Louisiana law and invalid insofar as it places a moratorium on the drilling of Class V wells within Livingston Parish;

3. whether the Court should enjoin the Government, Council, and Sheriff from enforcing L.P. Ordinance No. 22-49 insofar as it places a moratorium on seismic surveys within Livingston Parish; and

4. whether the Court should enjoin the Government, Council, and Sheriff from enforcing L.P. Ordinance No. 22-49 insofar as it places a moratorium on the drilling of Class V injection well within Livingston Parish.

2. **Livingston Parish Government and Livingston Parish Council**

Livingston Parish Government and Livingston Parish Council submit that all issues inherent in the claims made by plaintiff are in dispute, including but not limited to:

a. Whether the ordinance in question was legal;

b. Whether defendant Livingston Parish Council had jurisdiction to pass said ordinance;

c. Whether, in actuality, the ordinance directly contravenes the authority of the Louisiana legislature, the Louisiana Department of Wildlife and Fisheries, the Louisiana State Mineral and Energy Board, the U.S. Army Corps of Engineers, and/or the U.S. Environmental Protection Agency;

d. Whether the ordinance in question, in actuality, contradicts other ordinances;

e. Whether the ordinance in question, in actuality, is preempted by applicable federal or state law;

f. Whether the ordinance in question, in actuality, is otherwise unenforceable;

g. Whether plaintiff, in actuality, has sustained any injury-in-fact – much less the amount greater than $75,000 which plaintiff claims in its complaint in attempted to establish federal diversity jurisdiction;

h. Whether the proposed testing would, in actuality, avoid any disruption to spring and summer boating seasons on Lake Maurepas;

i. Whether, in actuality, there will be no trace left behind once the proposed seismic survey is complete;

j. Whether plaintiff, in actuality, is fully permitted to conduct seismic operations in Livingston Parish under the present circumstances;

k. Whether plaintiff, in actuality, is fully permitted to conduct Class V test well preparatory work in Livingston Parish under the present circumstances; and

l. Whether the ordinances will, in actuality, "improperly" restrict plaintiff's proposed activities.

E. **DAMAGES**

Air Products is not seeking monetary damages at this time.

#100860234v2                                          5

**F.    SERVICE**

Livingston Parish Government, Livingston Parish Council, and Sheriff Ard have waived service. *See* Docs. 9, 10, 22. The Parties are unaware of any unresolved issues as to waiver or service of process, personal jurisdiction, or venue at this time.

**G.    DISCOVERY**

1. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES     [X] NO

    Do any parties object to initial disclosures?

    [ ] YES     [X] NO

2. Briefly describe any discovery that has been completed or is in progress:

    None.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.

    None yet anticipated at this time.

4. Discovery from experts:

    **Air Products**: Air Products does not anticipate offering expert testimony at this time.

    **Livingston Parish Government and Livingston Parish Council**: Not yet known.

**H.    PROPOSED SCHEDULING ORDER**

1. Alternative timeframe for exchanging initial disclosures: None.

2. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross-claims:

    February 24, 2023

3. Recommended deadlines for completion of fact discovery:

    A. Exchanging initial disclosures required by FRCP 26(a)(1):

        January 25, 2023

    B. Filing all discovery motions and completing all discovery except experts:

        June 26, 2023

4. Disclosure of identities and resumes of expert witnesses:

   Plaintiff:      April 25, 2023

   Defendants:   May 25, 2023

5. Exchange of expert reports:

   Plaintiff:      June 26, 2023

   Defendants:   July 26, 2023

6. Completion of discovery from experts:

   August 28, 2023

7. Filing dispositive motions and Daubert motions:

   September 26, 2023

I. **TRIAL**

   1. Has a demand for trial by jury been made?

      Yes, by Livingston Parish Government and Livingston Parish Council. *See* Doc. 33.

   2. Estimate the number of days that trial will require.

      **Air Products**: One day.

      **Livingston Parish Government and Livingston Parish Council**: Four to five days.

J. **OTHER MATTERS**

   Are there any specific problems the parties wish to address at the scheduling conference?

   [ ] YES     [X] NO

   Do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

   [X] YES     [ ] No

K. **SETTLEMENT**

   1. Please set forth what efforts, if any, the parties have made to settle this case to date.

      No settlement discussions have taken place.

    2. Do the parties wish to have a settlement conference:

                  [ ] YES      [X] NO

**L.**    **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

                  [ ] YES      [X] NO

                                              Respectfully submitted:

| | |
|---|---|
| **MOODY LAW FIRM** | **JONES WALKER LLP** |
| /s/ *Christopher Moody* | /s/ *Brett S. Venn* |
| Christopher Moody, La. Bar No. 9594 | Marjorie A. McKeithen (La. Bar No. 21767) |
| cmoody@cmoodylaw.com | Michael C. Drew (La. Bar No. 30884) |
| Albert D. Giraud, La. Bar No. 18911 | Brett S. Venn (La. Bar No. 32954) |
| agiraud@cmoodylaw.com | Joshua A. Norris (La. Bar No. 32912) |
| 1250 Southwest Railroad Ave., Suite 170 | Nicole M. Duarte (La. Bar No. 22507) |
| Hammond, Louisiana 70403 | 201 St. Charles Ave., 49th Floor |
| P: (985) 542-1351 | New Orleans, Louisiana 70170 |
| F: (985) 542-1354 | P: (504) 582-8420 |
| | F: (504) 589-8420 |
| *Attorneys for Defendants Livingston Parish Government and Livingston Parish Council* | Email: mmckeithen@joneswalker.com<br>        mdrew@joneswalker.com<br>        bvenn@joneswalker.com<br>        jnorris@joneswalker.com<br>        nduarte@joneswalker.com |
| **PITTMAN & HUGGINS** | and |
| /s/ *Eric L. Pittman* | Justin J. Marocco (La. Bar No. 35226) |
| Eric L. Pittman, La. Bar No. 10648 | Trey K. Bartholomew (La. Bar No. 39114) |
| 1930 Florida Avenue, S.W. | 445 North Blvd., Ste. 800 |
| Denham Springs, LA 70726 | Baton Rouge, Louisiana 70802 |
| P: (225) 664-9500 | P: (225) 248-2415 |
| F: (225) 664-2117 | F: (225) 248-2000 |
| Email: eric@pittmanlawfirm.com | Email: jmarocco@joneswalker.com<br>        tbartholomew@joneswalker.com |
| *Attorneys for Defendant Livingston Parish Sheriff Jason Ard* | *Attorneys for Plaintiff Air Products Blue Energy, LLC* |

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by filing the same in this Court's CM/ECF system, this 29th day of December, 2022. Additionally, pursuant to La. R.S. § 13:5107(C), a copy of the foregoing pleading has been served upon the Register of the Louisiana Office of State Lands and the Secretary of the Louisiana Department of Natural Resources via certified mail and/or email (with prior written consent) on this 29th day of December, 2022.

                                                                                 */s/ Brett S. Venn*